IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE LEE DAILEY III,
ADC #110112
a/k/a MALIK SHAHEED X
                                        PETITIONER

VS.                5:09CV00013 WRW/JTR

ARKANSAS DEPARTMENT
OF CORRECTION                                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Background

Petitioner, who is currently confined in the Tucker Maximum Security Unit of the Arkansas Department of Correction, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket entries #1.) Before addressing the Petition, the Court will review the pertinent procedural history of this case.

On November 13, 1996, entered a guilty plea, in Pulaski County Circuit Court, to one count of first-degree murder. (Docket entry #1 at 1.) Petitioner was sentenced to 33 years of incarceration in the Arkansas Department of Correction. *Id.*

On September 12, 2003, Petitioner filed a § 2254 habeas action challenging his conviction and sentence. *Malik Shaheed X (ADC#110112) a/k/a Willie Daily v. Larry Norris*; E.D. Ark. No.

5:03CV00341 WRW/JTR at docket entry #2.  On February 7, 2005, United States District Judge William R. Wilson, Jr. entered an Order and Judgment dismissing the action, with prejudice, because it was filed after the statute of limitations had run.  *Id.* at docket entries #14 and #15.

Petitioner initiated the present habeas action on January 14, 2009.  Petitioner acknowledges that he attacks the same state-court conviction and sentence that was the subject of his prior habeas action.  (Docket entry #1 at 14.)  Petitioner argues that his guilty plea: (1) was involuntary; (2) was obtained by a coerced confession; (3) was based on an unlawful arrest; (4) was not based on sufficient evidence; and (5) was obtained in violation of his right to effective assistance of counsel. (Docket entry #1.)

For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

## II. Discussion

A habeas claim presented in a second or successive petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that satisfies the requirements of 28 U.S.C. § 2244(b)(2). However, this determination is to be made by the Eighth Circuit Court of Appeals, not the District Court.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application.").  Thus, in order to file a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).  *See Pennington v. Norris,* 257 F.3d 857, 858 (8th Cir. 2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit

before he can raise a successive challenge to a state conviction).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, (docket entry #1), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

Dated this  13th   day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE